# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 14, 2026

Lyle W. Cayce
Clerk

No. 24-40828

Antwune Jenkins,

*Plaintiff—Appellant*,

*versus*

Ariel M. Burks, *Captain*; D. Eason, *Sergeant*; Timothy R. Larsen, *Sergeant*,

*Defendants—Appellees*.

─────────────────────────────────

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:23-CV-95

─────────────────────────────────

Before Smith, Southwick, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Antwune Jenkins, Texas prisoner #1243275, seeks to proceed *in forma pauperis* ("IFP") on appeal of the dismissal of his 42 U.S.C. § 1983 complaint and the denial of his Federal Rule of Civil Procedure 59(e) motion. Jenkins alleged that employees of the Beto Unit of the Texas Department of Criminal Justice engaged in excessive force and retaliation. The district court dismissed the claims against one defendant at screening, concluding that Jen-

─────────────────

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

kins had failed to state a claim; he does not challenge that ruling on appeal, and any such claims are deemed abandoned. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). The district court granted summary judgment in favor of the remaining defendants, as Jenkins had failed to exhaust administrative remedies.

While Jenkins contends he has nonfrivolous appellate issues because he raised valid constitutional claims that survived screening, an appellant's motion for leave to proceed IFP on appeal "must be directedly solely to the trial court's reasons for the certification decision." *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). The district court determined that any appeal would not be taken in good faith for the reasons given in the magistrate judge's report, the order granting summary judgment, and the order denying the postjudgment motion. The merits of Jenkins's constitutional claims do not address those reasons and thus are not relevant to the IFP analysis. *See id.*

Jenkins also contends that the district court erred in finding his claims unexhausted. The Prison Litigation Reform Act requires proper exhaustion of administrative remedies, including compliance with a facility's deadlines. *Woodford v. Ngo*, 548 U.S. 81, 90, 93 (2006). Jenkins's filing of a timely grievance challenging the confiscation of his property during the same incident belies his assertion that officials interfered with his timely pursuit of administrative remedies. *Cf. Davis v. Hernandez*, 798 F.3d 290, 295 (5th Cir. 2015). Although he filed a timely grievance from his disciplinary proceeding arising from the same incident, it was untimely as to the events involving the use of force and did not serve to exhaust those claims. *See Johnson v. Johnson*, 385 F.3d 503, 519 (5th Cir. 2004). And although Jenkins asserts that he was unaware he could not present new evidence in support of his Rule 59(e) motion, the district court did not deny relief based on the presentation of new evidence but because the arguments constituted an inappropriate rehashing of the contentions made in Jenkins's complaint and summary judgment re-

No. 24-40828

sponse. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 480 (5th Cir. 2004).

The appeal is without arguable merit and is thus frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, Jenkins's motion to proceed IFP is DENIED, and the appeal is DISMISSED. *See* 5TH CIR. R. 42.2. His motions for appointment of counsel are DENIED.

The dismissal of this appeal counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Jenkins is WARNED that if he accumulates three strikes, he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).